Anderson **PURNELL,**
**Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C3–87–565.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Trygve A. Egge, Arden Hills, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Spec. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN*, JJ.

## OPINION

LESLIE, Judge.

Appellant Anderson Purnell was arrested for driving while under the influence of alcohol and his license was revoked for an implied consent violation. He petitioned for judicial review, contesting the validity of the stop and arguing that the officer did not have probable cause to believe he was driving while under the influence of alcohol. The trial court sustained the revocation, and Purnell appeals.

## FACTS

At approximately 5:10 a.m. on Sunday, December 28, 1986, a taxi cab driver flagged down a St. Paul police officer to inform him he had just seen a black man beating a black woman on a nearby street. The officer knew the address had a history of problems calling for police attention in the past.

The officer immediately drove to the reported location, about six or seven blocks away, and arrived within two minutes. As he drove around the nearest corner to that address, he saw no one in the immediate vicinity, but saw a black pickup truck pulling away rapidly from the curb. Although he did not see the occupants and did not

know whether they were black, the officer signaled the pickup truck to stop, "suspecting" the pickup might contain either persons involved in the reported assault, or possible witnesses to the assault.

The driver, appellant Anderson Purnell, had an odor of alcohol on his breath. His speech was fast, mumbled and slurred, and his balance was poor and unstable. The officer also observed appellant's eyes were bloodshot. The officer conducted several field sobriety tests on appellant. Appellant failed them all.

The officer determined appellant had been driving while under the influence of alcohol and placed him under arrest. Appellant's license was revoked for an implied consent violation, and he petitioned for judicial review. The only issues were whether the stop was valid and whether the officer had probable cause to believe that appellant was under the influence of alcohol. The trial court determined the stop was valid and that the officer had probable cause. Appellant Purnell appeals from the trial court's order.

## ISSUES

1. Did the police officer make a valid stop of appellant's pickup truck?

2. Did the police officer have probable cause to believe appellant had been driving while under the influence of alcohol?

## ANALYSIS

### I.

Appellant challenges the validity of the stop of his vehicle contending the officer did not have reasonable and articulable grounds to make the stop. We disagree, finding *Appelgate v. Commissioner of Public Safety,* 402 N.W.2d 106 (Minn.1987) controlling.

In *Appelgate,* an officer received a report at 2:25 a.m. of a burglary in progress at a large apartment complex. He immediately drove to the location and observed a vehicle coming from the complex within a

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

few minutes of the report, at a time of day when there was "very little if any" traffic. The officer believed the driver probably saw him in his marked squad car. The driver made two prolonged stops at intersections. *Id.* at 107–08. Despite the fact that the officer had no description of the burglar or the get-away car, the supreme court upheld the stop and stated:

> In such a situation "the police must have some authority to freeze the situation." Indeed, "[e]ven if the circumstances are such that no one person can be singled out as the probable offender, the police must sometimes be allowed to take some action intermediate to that of arrest and nonseizure activity."

*Id.* at 108 (citations omitted).

■ The officer was entitled to rely upon the information which the cab driver, in a face-to-face confrontation, had given to him about the alleged assault. *State v. Davis,* 393 N.W.2d 179, 181 and n. 1 (Minn.1986). The alleged assault took place at approximately 5:00 a.m. The officer who arrived at the reported location within two minutes saw the black pickup truck pulling rapidly away from the curb on the west side of the street. While the appellant contests the accuracy of the officer's testimony that the truck pulled away from the curb "kind of fast," because the description was not in his report, it was within the trial court's discretion to accept the credibility of the officer's testimony. The officer also testified that when he arrived at the location, which is on the east side of the street, it was dark and there were other vehicles parked on the street. He did not see any other vehicles driving north or south on the street. The appellant's vehicle traveled approximately 200 feet before the officer turned on his emergency lights; it did not weave, and it was not until the officer stopped the truck that he determined the individuals in the vehicle were black. The cab driver did not describe the truck as being involved in the incident.

Despite the fact that the officer did not have a description of the truck, he was justified in stopping appellant's vehicle and subjecting him to a limited investigative stop for purposes of "freezing" the situation. *Appelgate,* 402 N.W.2d at 109. It was early in the morning, the officer arrived on the scene promptly, there was no other traffic, and the truck pulled away from a location near the reported assault. The officer properly stopped appellant's vehicle.

## II.

■ The appellant also claims the officer did not have probable cause to believe he was under the influence. The trial court found that the officer noted appellant had an odor of an alcoholic beverage on his breath, his speech was fast, mumbled, and slurred, and his balance was poor and unstable. At the police station the officer noted that appellant's eyes were bloodshot. Appellant failed several field sobriety tests which the officer gave to him.

Appellant argues that the officer's observations and the field tests were suspect because he had suffered a head injury and asserts the officer should have taken him to a hospital for a medical examination. He contends that if the officer was then confident that his delayed responses were a result of alcohol impairment rather than the head injury, he could have then obtained a test.

■ The indicia of intoxication which the officer observed were sufficient to provide probable cause to believe he was driving while under the influence. *Holtz v. Commissioner of Public Safety,* 340 N.W.2d 363, 365 (Minn.Ct.App.1983). Even if there are valid exculpatory explanations for the indicia of intoxication, the officer may still consider those facts in assessing the totality of the circumstances and determining probable cause. *State v. Olson,* 342 N.W.2d 638, 640 (Minn.Ct.App.1984).

## DECISION

The police officer made a valid investigatory stop under *Appelgate* and had probable cause to believe appellant was driving under the influence of alcohol.

Affirmed.